IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 116-024 |
| | ) | |
| JUSTIN WASHINGTON | ) | |

**O R D E R**

Before the Court is Defendant Justin Washington's motion for severance. (Doc. no. 65.) Defendant argues that evidence of prior uses of force by his co-defendants will prejudice him and warrants a separate trial. (Doc. no. 41.) Because Defendant has not shown that inclusion of the other defendants will result in compelling prejudice, the Court **DENIES** Defendant's motion to sever.

### I. DISCUSSION

When multiple defendants are indicted, joined offenses must be reviewed initially under the standard set forth under Fed. R. Crim. P. 8(b). United States v. Grassi, 616 F.2d 1295, 1302 (5th Cir. 1980).[1] Fed. R. Crim. P. 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Defendants who are jointly indicted should be tried together. United States v. Baker, 432 F.3d 1189, 1238 (11th Cir. 2005), abrogated on other grounds by Davis v. Washington, 547 U.S. 813, 821 (2006); United States v. Meester, 762 F.2d 867, 883 (11th Cir. 1985). The Eleventh Circuit has construed the "same series of acts or transactions" language of Rule 8(b) to require the government to "demonstrate that the acts alleged are united by some substantial identity of facts and/or participants." United States v. Wilson, 894 F.2d 1245, 1253 (11th Cir. 1990) (quoting United States v. Morales, 868 F.2d 1562, 1569 (11th Cir. 1989)).

Once Rule 8 has been satisfied by the allegations in the indictment, severance is governed entirely by Fed. R. Crim. P. 14, which recognizes that even proper joinder under Rule 8 may prejudice a defendant or the government. United States v. Lane, 474 U.S. 438, 447 (1986).[1] Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Rule 14 leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district court. Zafiro v. United States, 506 U.S. 534, 541 (1993). Following Zafiro, the Court must order severance only

---

[1] In its discussion of Rule 8(a), the Court follows the lead of the Eleventh Circuit in recognizing that although Rule 8(a) covers the joinder of offenses and Rule 8(b) covers the joinder of defendants, because "Rule 8(a) establishes a 'more lenient standard' for joinder than Rule 8(b)," the governing principles for Rule 8(a) and (b) are the same. United States v. Dominguez, 226 F.3d 1235, 1239 n.4 (11th Cir. 2000). Thus, in its analysis, the Court cites to case law discussing both Rule 8(a) and Rule 8(b).

2

where there is a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Id. at 539.

However, even where prejudicial joinder is shown, Rule 14 does not mandate severance; it is within the trial court's discretion to determine the appropriate remedy. Id. at 538-39; Lane, 474 U.S. at 449 n.12. Usually, a limiting instruction will "suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. Indeed, to receive relief under Fed. R. Crim. P. 14, the defendant must show "specific and compelling prejudice." United States v. LaChance, 817 F.2d 1491, 1495 (11th Cir. 1987). The courts have recognized that some degree of prejudice is inherent in every joint trial, but "only in the event such prejudice appears to be compelling does severance become warranted." United States v. Harris, 908 F.2d 728, 736 (11th Cir. 1990) (citing United States v. Roper, 874 F.2d 782, 789 (11th Cir. 1989)). "The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." United States v. Walser, 3 F.3d 380, 386-87 (11th Cir. 1993); See also United States v. Bowers, 811 F.3d 412, 422 (11th Cir. 2016).

Moreover, a defendant bears a "heavy burden" to establish "clear and compelling prejudice" that cannot be alleviated by the trial court and prevents the defendant from having a fair trial. United States v. Kabbaby, 672 F.2d 857, 861 (11th Cir. 1982). The prejudice required to be demonstrated must be so real and substantial that the denial of severance would subject a defendant to a fundamentally unfair trial. United States v. Badolato, 701

3

F.2d 915, 923 (11th Cir. 1983). Bare assertions of prejudice will not suffice. Zafiro, 506 U.S. at 539-40. Finally, a defendant is not entitled to severance simply because separate trials on his various offenses would provide a better chance of acquittal. Id. at 540.

Here, Defendant does not contest that his co-defendants were properly joined in the indictment as being involved in the same transaction. Indeed, Count One of the Indictment alleges a joint act committed by all three defendants, and Count Three involves a report later filed about the incident. (See doc. no. 1.) Thus, Defendant was properly joined in one indictment with his co-defendants, and Defendant's argument for severance falls solely under Fed. R. Crim. P. 14. (See doc. no. 41.)

Defendant asserts that prior incidences and investigations of Antonio Binns and John Williams regarding the use of force will severely prejudice him at trial. (Doc. no. 41.) Defendant also contends that training given in 2012 to his co-defendants on filing reports will also lead the jury to believe he received the same training and prejudice his defense as to the false report charge asserted against him Count Three. (*For the Record* "FTR" 10:03:30 – 10:04:25.) The government contends that Defendant has not met his burden of showing compelling prejudice from the prior incidences given the uncertainty over whether such evidence will be introduced at trial, and even if it is introduced, a limiting instruction will suffice to cure any spillover prejudice. (See doc. no. 44, p. 8.)

First, the Court will assume for the sake of this analysis that all of the prior incidences by Binns and Williams will be introduced at trial. Although there are outstanding questions over the admissibility of this evidence under Fed. R. Evid. 404, the Court cannot determine what Defendant's rights are with respect to severance based on a shifting picture of what is

4

presented at trial. Further, leaving the question unresolved until trial risks the same inefficiencies that Fed. Crim. P. 8 and 14 are designed to prevent—waste of judicial resources.

Assuming all of the evidence of the past incidences of force by Binns and Williams is introduced, Defendant is still not entitled to a separate trial because he cannot show compelling prejudice by the introduction of such evidence against his co-defendants. The government concedes that a limiting instruction before introduction of the evidence and further instruction to the jury upon the close of the evidence will be necessary. Because limiting instructions usually will cure any prejudice resulting from a joint trial, severance need be granted only if there is a serious risk that a joint trial would either "compromise a specific trial right of one of the defendants" or "prevent the jury from making a reliable judgment about guilt or innocence" even if limiting instructions are given. Zafiro, 506 U.S. at 539. Further, juries are presumed to follow the instructions given by the Court. Kabbaby, 672 F.2d at 863.

Here, the evidence of prior uses of force against the other two co-defendants is clearly limited to only them and would only be relevant to them at trial. To this end, the Court is confident that a jury could easily distinguish that only Binns and Williams were involved in the prior incidences and not Defendant. This, coupled with a limiting instruction, would ensure that any spillover prejudice or possible confusion over any past incidences would be minimized and that the evidence would only be considered in relation to the other defendants. Further, any possibility of confusion is limited by the fact that Defendant has only one prior instance of using force that has been investigated, while the other defendants

5

have multiple investigations.  (See Gov't Exs. 2, 3, 4.)  Thus, the prior incidences among the defendants are not so overwhelming that the jury will not be able to sort out exactly which defendant was involved in each occurrence.

The cases cited by Defendant to support his argument are inapposite.  The first case, United States v. Pedrick, 181 F.3d 1264, 1267 (11th Cir. 1999), involved five defendants where the evidence against one defendant as to intent was overwhelming whereas the evidence against the severed defendant was "minimal."  Here, there is no allegation that the evidence against Defendant is askew when compared to that of Binns and Williams.  Further, the prior incidences of force only show guilt in this instance tangentially and would not impede Defendant's ability to show innocence as to this particular episode.  Also unhelpful to Defendant is Baker, 432 F.3d at 1238.  Therein, the Eleventh Circuit upheld the denial of a severance motion where several co-defendants were involved in murders related to a drug conspiracy.  There is no allegation that Binns and Williams' prior acts would have the same spillover effect as murder or that the facts of this case are as complicated as that of a multi-layered conspiracy such that jury would be unable to reliably isolate the facts relevant to each defendant.  Accordingly, these cases do not support Defendant's argument, and severance is not warranted.

## II. CONCLUSION

Defendant has failed to show that the inclusion of the other defendants would work compelling prejudice against him at trial such that the jury would be unable to heed the Court's limiting instructions. Accordingly, the Court **DENIES** Defendant's motion to sever. (Doc. no. 41.)

SO ORDERED this 7th day of July, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA